UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE S. MOORE, RYAN DAVID MOORE, and HELENA COLEMAN-MOORE      Plaintiffs | : : : : | CIVIL ACTION NO. 3:17-CV-988-SRU |
| v. | : : | |
| COUNTRY MOORS II INC. d/b/a BOB'S BUICK GMC OF MILFORD,      Defendant | : : : | FEBRUARY 13, 2018 |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS</u>**

Plaintiffs George S. Moore, Ryan David Moore and Helena Coleman-Moore ("Plaintiffs") submit the following in support of their motion for sanctions against the defendant Country Motors II.

**FACTUAL BACKGROUND**

Parties in the instant matter participated in a Rule 16 conference on October 10, 2017.[1] At that conference, counsel for both parties agreed to participate in a judicially annexed mediation before PJO James Hawkins, II with the goal of reaching an early resolution of the matter. An order entered as such (See Doc. 14).[2] Attorney Hawkins required parties to file an ex parte memorandum for the conference not later than January 4, 2018 (See Doc. 17).[3]

Attorney Hawkins emailed all counsel on October 31, 2017 requesting dates for the conference, and the parties selected January 11, 2018 as a mutually convenient

---

[1] Declaration of Daniel S. Blinn, ¶ 3.
[2] Id., ¶ 4.
[3] Id., ¶ 5.

1

date.[4] PJO Hawkins issued a Notice of Settlement Conference on November 9, 2017 (Doc. No. 17), ordering as follows:

> A decision maker with authority to resolve the litigation for the client shall be present at the settlement conference. Availability of the decision maker by telephone will not suffice. All parties shall be prepared to consider settlement or other resolution of the case reasonably reflective of the issues in this case, the evidence bearing thereon, the applicable law and the range of possible results in an adjudication.

The Order also required the parties to submit an ex parte memorandum by January 4, 2018.

Counsel for Plaintiffs submitted their ex parte memorandum on January 2, 2018.[5] As of approximately January 9, 2018, the Defendant had not submitted a memorandum.[6] Plaintiffs do not know if any was ever submitted.

No representative of the Defendant (other than its counsel) attended the January 11, 2018 conference. No one with settlement authority was in attendance. Defendant's counsel explicitly stated that he did not have any settlement authority.[7]

Plaintiffs made a settlement demand at the conference.[8] Without authority at that time, counsel for Defendant stated that he would discuss the offer with his client and make a counteroffer.[9] On February 6, 2018, counsel for Defendant advised that his client had not given him any authority and that he was unable to make any settlement offer.[10]

---

[4] Id., ¶¶ 6-7.
[5] Id., ¶ 8.
[6] Id., ¶ 9.
[7] Id., ¶ 10.
[8] Id., ¶ 11.
[9] Id., ¶ 12.
[10] Id., ¶ 13.

2

The Defendant failed to participate in the settlement conference altogether, and it certainly failed to participate in good faith. As a result of Defendant's intransigence, Plaintiffs needlessly incurred legal fees and costs in the form of time spent writing the ex parte memorandum, time spent traveling to the settlement conference, and time spent preparing for and attending the conference.[11]  The Plaintiff was present, with her husband, and she was ready, willing and able to actively participate in the conference.

Plaintiffs have incurred approximately $3,745 in legal fees and costs as a result of participating in the settlement conference.[12]

**RELEVANT LAW AND ARGUMENT**

Fed. R. Civ. P. 16(f)(1)(C) provides that the Court may impose sanctions  "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order."

Subsection (2) of Rule 16(f) allows for the imposition of fees and costs upon the noncompliant party. "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

Failing to comply fully with a court's order to mediate and engage in good faith settlement negotiations justifies the imposition of sanctions. *See, e.g., Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001) (affirming award of monetary sanctions for "failing to prepare the required memorandum, deciding to send a corporate

---

[11] Id., ¶ 14.
[12] Id., ¶¶ 15-17.

3

representative with limited authority to the [settlement] conference, and" other conduct); *Francis v. Women's Obstetrics & Gynecology Grp., P.C.*, 144 F.R.D. 646, 649 (W.D.N.Y. 1992) (finding that "counsel's failure to prepare for the conference, his failure to confirm coverage and obtain authority from the carrier, and his failure to advise his opponent until the conference of coverage problems demonstrate counsels lack of preparation and his lack of good faith in the process" and imposing sanctions); *Grenion v. Farmers Ins. Exch.*, No. 12CV3219(JS)(GRB), 2014 WL 1284635, at *7 (E.D.N.Y. Mar. 14, 2014) ("Defendant's efforts undermined the Court's process, impos[ed] unnecessary costs upon its adversary and wast[ed] the resources of the Court. As such, I find that defendant acted in bad faith, and an award of expenses and sanctions is appropriate under Rule 16(f)."). "Mere physical presence at the conference by defendant's attorney is not sufficient compliance with the order to attend the settlement conference." *Francis,* supra at 649.

     Plaintiffs' counsel spent considerable time preparing the ex parte memorandum and attending the settlement conference, because he reasonably believed that there was a reasonable likelihood of settling the case.  The mediation process is intended to accelerate the resolution of a case, not serve as a delay tactic that wears down the opposing side. This was not merely a situation in which parties were unable to reach a settlement due to both sides being too far apart, but instead the defendant Country Motors II simply refused to participate.

     The sanctions sought by Plaintiffs are limited to fees and costs associated with time spent writing the ex parte memorandum, time spent traveling to the settlement

conference, time spent preparing for and attending the conference, and the preparation of this motion.

**CONCLUSION**

For the above-stated reasons, Plaintiffs' motion for sanction should be granted.

PLAINTIFFS, GEORGE S. MOORE, RYAN DAVID MOORE AND HELENA COLEMAN-MOORE,

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Brendan L. Mahoney (ct29839)
    bmahoney@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457

## CERTIFICATE OF SERVICE

  I hereby certify that on this 13th day of February, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                 /s/ *Daniel S. Blinn*
                 Daniel S. Blinn