## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE S. MOORE, RYAN DAVID MOORE, and HELENA COLEMAN-MOORE      Plaintiffs, | CIVIL ACTION NO. 3:17-CV-988-SRU |
| v. | |
| COUNTRY MOTORS II INC. d/b/a BOB'S BUICK GMC OF MILFORD,      Defendant. | APRIL 20, 2018 |

### DEFENDANT'S OBJECTION TO MOTION FOR ORDER OF COMPLIANCE

The Defendant objects to the Plaintiffs' Motion for Compliance. The motion is factually inaccurate and the attachments do not accurately reflect the details surrounding the discovery process employed in this case.

The Plaintiffs are now eager to take the deposition of the Defendant's former employee Ken Boykin. Mr. Boykin no longer works for the Defendant and the Defendant would not know how to contact him, where he lives or what his business address is. Defendant's counsel explained this to the Plaintiff's counsel and on the morning of the proposed deposition – scheduled for 1:00 p.m. – asked Plaintiff's counsel if service had been made on Mr. Boykin. For the first time Plaintiff's counsel let the undersigned know that service had not been made because Mr. Boykin could not be located.

Defendant's counsel, negotiating interrogatory objections, had answered questions regarding who had knowledge of the involved transaction. At no time

was part of the agreement deemed to be providing addresses (which is something that the Defendant cannot do). See exhibit one - attached email by Plaintiffs' counsel with hand written answer by Defendant's counsel.

As the Court can see – the Defendant never agreed to provide addresses of former employees. It is inaccurate, at best, for the Plaintiffs' lawyers to argue otherwise, now. Plaintiff's counsel had known for weeks that Mr. Calash – the former manager and Mr. Boykin – the former salesman, no longer worked for the Defendant.

The undersigned also explained to Plaintiffs' representatives that it did not see the emailed notice of deposition regarding a "corporate representative." This was explained at 9:00 a.m. Attorney Blinn agreed to cancel the court reporter for the deposition – he now seems to ignore that and claim otherwise.

Plaintiffs' counsel wants a corporate representative to testify regarding seventeen areas of concern. The only people with knowledge of this transaction are no longer employed by the Defendant. There exists no corporate representative qualified to testify to the objections and requests made by the Plaintiffs.

The Plaintiffs' motion is baseless. It should, with all due respect, be dismissed.

DEFENDANT, COUNTRY MOTORS II INC. d/b/a BOB'S BUICK GMC OF MILFORD

By: _____

Leonard M. Crone (ct05043)
attycrone@gmail.com
27 State Street
Waterbury, CT 06702
Tel: 203-757-7969
Fax: 203-757-4863

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Leonard M. Crone



Exhibit 1

Leonard Crone <attycrone@gmail.com>

## FW: Capellan and Moore discovery
1 message

**Brendan Mahoney** <bmahoney@consumerlawgroup.com>  Wed, Nov 15, 2017 at 11:34 AM
Reply-To: Brendan Mahoney <bmahoney@consumerlawgroup.com>
To: attycrone@gmail.com

Hi Lenny, I wanted to follow up on the email. Any new information from your client on the outstanding requests?

Thanks,
Brendan

Brendan Mahoney, Esq.
The Consumer Law Group LLC
35 Cold Spring Road, Suite 512
Rocky Hill, Connecticut 06067
860 566 8291

----- Original Message -----
**From:** BLM
**To:** Leonard Crone <attycrone@gmail.com>
**Sent:** 11/03/2017 11:00AM
**Subject:** Capellan and Moore discovery

Nice chatting with you earlier this morning. I wanted to memorialize our conversation.

Moore:
You will answer interrogatory #2 regarding employees with knowledge of or involved in the transaction.
Kenny Boykin is a salesman   John Calash [handwritten]
You will respond to interrogatory #11 regarding who decided to notify plaintiff's that they were required to return the vehicle.   K.B. [handwritten]
Bob's has no repossession documents, because its position is that plaintiffs never owned the vehicle.
Bob's will stipulate that the odometer statement and loaner agreements we produced as part of our 26a disclosures are the operative versions of those documents.

Let me know if any of these are inaccurate.

Thanks and have a nice weekend,
Brendan

Brendan Mahoney, Esq.
The Consumer Law Group LLC
35 Cold Spring Road, Suite 512
Rocky Hill, Connecticut 06067
860 566 8291